**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30089 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00138-RAJ-1 |
| v. | |
| NALEN PIERRE WILLIAMS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 3, 2019**
Seattle, Washington

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

Defendant-Appellant Nalen William was convicted of being a felon in possession of a firearm, and for possession of heroin with intent to distribute. He appeals the district court's sentence of 52 months—15 months above the high end of the U.S. Sentencing Guidelines (U.S.S.G. or "the Guidelines") range—and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

seeks remand for resentencing. We review the district court's factual findings for clear error, *United States v. Kaplan*, 839 F.3d 795, 804 (9th Cir. 2016). Because we find the defendant's arguments unpersuasive, we affirm the district court's sentence of 52 months. We remand for the limited purpose of allowing the district court to correct the Statement of Reasons form.

1. The district did not make improper factual findings when fashioning the defendant's sentence. First, the district court's observation that the defendant and his brother "aggressively and violently killed another human being" is supported by the record. Regardless of who dealt the deadly blow, it's undisputed that the defendant and his brother used crude weapons—a shovel and a pitchfork—to target and attack another person. Defense counsel even agreed with this high-level description of the defendant's conduct. Similarly, the district court's second observation—that the attack was the result of a drug deal gone bad and that the defendant and his brother had options other than attacking the victim—is supported by the record, including an opinion by the Court of Appeals of Washington upholding the defendant's murder conviction. *See State v. Williams*, 97 Wash. App. 1002 (1999).

Finally, the district court made these observations in the context of discussing the defendant's history of violence. It was this history of violence that informed the district court's decision to fashion a sentence 15 months above the

Guidelines range. To the extent the district court did engage in fact finding, a preponderance of the evidence supported the findings of facts related to the defendant's sentencing. *See United States v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010) The district court did not commit clear error.

2. The district court did not err when it included the defendant's second-degree murder conviction to calculate his criminal history score. First, the defendant did not raise this issue during the sentencing hearing. We review issues raised on appeal that were not presented to the district court for plain error. *See United States v. Lloyd,* 807 F.3d 1128, 1139–40 (9th Cir. 2015). Second, a defendant cannot attack a state court conviction during a federal sentencing proceeding unless the claim is that the conviction is the result of a violation of the defendant's right to appointed counsel. *See Custis v. United States*, 511 U.S. 485 (1994); USSG § 4A1.2 Application Note 6. That is not the case here. Rather, the defendant claims that we should ignore his state court conviction because an intervening Washington Supreme Court decision held, as a matter of statutory interpretation, that the language of the second-degree murder statute under which he was convicted precludes assault as a predicate felony for second-degree murder. *See In re Personal Restraint Petition of Shawn Andress*, 147 Wash. 2d 602 (2002). While the defendant's underlying argument as to the validity of this state court conviction likely has merit, his remedy lies in state court. The district court,

therefore, did not commit plain error because its decision did not seriously affect the fairness, integrity, or public reputation of the proceedings. *Lloyd,* 807 F.3d at 1139.

3. During the sentencing hearing, the district court announced a total offense level of 15, a criminal history category of IV, and a Guidelines rage of 30 to 37 months. The defendant did not object, nor did he ask for a downward departure under USSG § 4A1.3. Accordingly, this was the district court's final Guidelines calculation. Any discussion about the appropriate sentence after this announcement was made pursuant to the district court's responsibility to consider the factors in 18 U.S.C. § 3553(a). After considering the Section 3553(a) factors, the district court found that the defendant's history of violence warranted a 15-month upward variance. The defendant has not persuaded us that this sentence was unreasonable. *See United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011).

4. The oral pronouncement of a sentence controls if there is a discrepancy between the oral pronouncement and the written judgment. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015). An error in the written judgment does not warrant remand for resentencing. *Id.* Moreover, the Statement of Reasons form is not part of the judgment. *See* 28 U.S.C. § 994(w)(1)(B); *see also* Pub. L. No. 111–174, § 4, 124 Stat. 1216, 1216 (May 27, 2010). Since an error in the written judgment does not warrant resentencing, neither does a discrepancy on the

4

Statement of Reasons form. Accordingly, we remand so that the district court can make the Statement of Reasons form consistent with the oral pronouncement. *Hernandez*, 795 F.3d at 1169.

We **REMAND** with an instruction to amend the Statement of Reasons form to conform with the oral pronouncement of the sentence; otherwise, we **AFFIRM.**